Mass Incarceration vs Affordable Housing
C.N.N. W/John Zappencick // A.R.S 9-1163.04, et seq

Seantwan Cook
Name and Prisoner/Booking Number

ASPC-Lewis/Stiner
Place of Confinement

P.O. Box 70
Mailing Address

Buckeye, AZ 85326
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☒ FILED ☐ LODGED

**Jun 23 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Seantwan Cook,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Maricopa County Board of Supervisors
(Full Name of Defendant)

(2) Bill Gates,

(3) Maricopa County,

(4) Russel Skinner,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-23-2412-KML-PHX
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

Jury Trial Demanded

☐ Original Complaint
☐ First Amended Complaint
☒ Second Amended Complaint
3rd Amended Comp

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983, 28 U.S.C § 1967; A.R.S § 49-40, et seq 49-471, et seq
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☒ Other: A.R.S § 49-40, et seq; 49-471, et seq, A.R.S 10-315, et seq, A.R.S § 20-1771, et seq; 20-2501, et seq; A.R.S § 49-423, et seq 55-3115(d)

2. Institution/city where violation occurred:

Martin vs. Boise
Moore vs. Arizona
Stack vs. Boyle, 342 U.S 1 (1951)
Jett vs. People
Snow vs. McDaniels
Pervita vs. Dillard

550/555

**B. DEFENDANTS**

1. Name of first Defendant: _Board of Supervisors_ The first Defendant is employed
as: _____ at _____ .
(Position and Title)                     (Institution)

2. Name of second Defendant: _Bill Gates_ . The second Defendant is employed as:
as: _____ at _____ .
(Position and Title)                     (Institution)

3. Name of third Defendant: _Maricopa County_ The third Defendant is employed
as: _____ at _____ .
(Position and Title)                     (Institution)

4. Name of fourth Defendant: _Russell Skinner_ The fourth Defendant is employed
as: _Sheriff M.C.S.O County Jail_ at _M.C.S.O_ .
(Position and Title)                     (Institution)

5. Name of first Defendant: _Dept of Health Services_ The first Defendant is employed
as: _____ at _____ .
(Position and Title)                     (Institution)

6. Name of second Defendant: _Jeanne Cunico_ The second Defendant is employed as:
as: _Director D.H.S_ at _Dept of Health Serv_ .
(Position and Title)                     (Institution)

7. Name of third Defendant: _Corrections Health Serv._ The third Defendant is employed
as: _Contractor_ at _M.C.S.O County Jail_ .
(Position and Title)                     (Institution)

8. Name of fourth Defendant: _Jane Doe #1_ The fourth Defendant is employed
as: _Nurse Practitioner_ at _Corrections Health Serv_ .

9.) Name of the 9th Defendant: _Jane Doe #2_
is Employeed As _Nurse Practitioner_ At C.H.S

10.) Name of the 10th Defendant: _Jesus Lopez_
is Employeed As _Parole officer_ At A.D.D.C

11.) - Name of the 11th Defendant _Anthony Oliveri_
is Employeed As _Regional Dir_ At A.D.D.C

12.) - Name of the 12th Defendant _Lewis Ginguinto_
is Employeed As _Commissioner_ At Brd of Sup

13.) Name of the 13th Defendant _Benjamin Armstrong_

is Employeed AS Judge[3] Pro tem By Maricopa County

14.) Name of the 14th Defendant is Charlie Nwegle
Employeed AS Contractor At Public Defenders Office

15.) Name of the 15th Defendant Ross
Arellano is Employeed AS Asst County
Attorney At County Attorneys Office

16.) Name of the 16th Defendant Jeannie Cimico
is Employeed AS Director At D.H.S

17.) Name of the 17th Defendant; Thomas Tegeler
is Employeed AS Director At C.H.S

Mass Incarceration vs. Affordable Housing
(C.N.A.) John Lopatnick // A.R.S. 41-1604.07, etc.)

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: 14th Amendment, ~~Due Process~~ (Due) 5 (Unlisted) Amendment)

2. **Count I.** Identify the issue involved. Check only one. State additional issues in separate counts.
☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. A. Statement of Facts

[3.A.1] - On August 19, 2019 the Plaintiff was Released on Community Supervision from the Dept of Corrections upon the Service the Stipulated of Imprisonment order Imposed upon Both CR # 2007-155724-001 And CR # 2007-031290-001

[3.A.2] Upon Release the Plaintiff Reported to the MCSO Tent Patrol office Intake office Assigned to a Intake officer (Buckov) who Informed the Explained terms of Release to Include but Not Limited to Acquiring Health Care Insurance Coverage

[3.A.3] - Specifically In Accordance to A.R.S. § 41-320 to 327 / 1604.07 (A)(3)(B) The Plaintiff was Required to Enroll Into ACAHS Securing A Primary Provider

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). [4.A.1] - Prolonged Prison Incarceration, Loss of E.B.C. Covid 19 Heart Attack, False Imprisonment, Loss of Income, Loss of Property, Psychological Injure, Emotional Distress.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?  ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. (See., 1-CA-CR 24-0222)

for The Provision of Adequate Medical Care in Lieu of Centurion Health Service pursuant to the A.Z. Dept of Corrections Contract and Duty Care to the Plaintiff. pursuant to A.R.S §§ 31-201, 01(D) et seq, §41-3201, §11-3202

[3,A,4] - While Assigned Parole Officer was Able to Locate Housing for the Plaintiff at T.L.C Domalhouse Primarily for the L.G.B.T.Q Community (But See D.D # 812)

[3,A,5] - The Plaintiff was otherwise Instructed to Provide A Urinalysis Drug Test (U.A) And Report to the Testing Facility (T.A.S.C) to Submit a Urine Sample

[3,A,6] - Additionally The Plaintiff was Advised by NDOM Assigned Parole Officer Burnwell That we would Need to Input The Plaintiff's Personal Identifiable Information into The T.A.S.C Data Base System

[3.A.7] - Furthermore The Plaintiffs Assigned Parole Officer Anthony Burwell Advised The Plaintiff That In Futture In Frequency The Plaintiff Would Need To Place Daily Phone Calls To The Assigned Testing Incity For Any Further Drug Testing

[3.A.8] - In Conclusion Such Consultation With The Plaintiffs Assigned Parole Officer Anthony Burwell On Or About August-23, 2019 The Plaintiff Was Instructed To Seek Out Gayntull Employment As Part of The Terms And Conditions of dissMae Community Supervision In Accordance To A.R.S 41-1604.07(G)(3)(H) 41-3203

[3.A.9] - Apon Departure From the Plaintiffs Assigned Parole office (Mesa Town Parole) The Plaintiff (Seanton Cook) Mother Provided Transporatation To The I.L.C Dono Waise To The L.G.B.T.Q Community Adiubely Prior To Arrival To The I.L.C Dono Waise The Plaintiffs Mother Otherwise Purchased it

- Cell Phone On behalf of the Plaintiff Both For Emergency Purposes And to Promote the Pursuit of Gainful Employement

[3.A.10] - Upon Intake At the T.L.C Dawn House The Plaintiff (Sean w/o Cook) Was Provided With The House Rules Inclusive of A.A Meetings, Group Therapeutic Sessions Abuse (hours) And Weekly Expenses (120.00) for Affordable Housing [But See. A.R.S§41-1604.07(G)(3)(H) 41-3201 et seq. 36-133 (Birth Deaths)

[3.A.11] - Anyway Due to the Plaintiffs Inability to Aquire Any Gainful Employment And Accumilating Weekly Expenses of 120.00 Per Week The Plaintiff (Sean w/o Cook) was Forced to Consult Assigned Parole Officer Anthony Burwell For Alternative Housing Options In Approximately ~~November 2019~~ September 2019 (But See Court Order #810 And #812) A.R.S§41-1604.07(G)(3)(H) 41-3201, et seq.

[3.A.12] - Pursuant to D.D# 812 in reaching Any Determination As to Any Alternative Housing Assignment in Consultation With the Plaintiffs Assigned Parole Officer Anthony Burwell Although the Plaintiff was Able to Identify A New Leaf Location Available Bed Space Presented Barriers To Imediate Housing

[3.A.13] - Accordingly Despite the fact that the Plaintiffs Mothers Housing Address was within A Crime Free Housing Complex The Plaintiffs Assigned Parole officer Anthony Burwell Approved the Plaintiffs Mothers Address Until More Suitable Arrangements Could be Made

[3.A.14] - In October 2019 The Plaintiff Stanley Cook was Able to Secure Alternative Housing At A New Leaf Facility At Which time Advised Burwell

of such Change in Address of which Buirwell otherwise Approved

[3.A.15] - Although The Plaintiff Explored Opportunities for Temporary Sources of Income Provided by Clinical Research Studies...... Due to the Plaintiffs Neurological Condition He/She Was Unable to Participate in Any Prospective Study To Abate/Negate Any Substantial Risk of Harm to the Plaintiffs Pre-Existing Conditions

[3.A.16] - Accordingly The Plaintiff Secured Gainful Employment in Approximately January 2020 Via Temp Agency Integrity Staffing

[3.A.17] - While the Plaintiff Scant on Cabins often Lost or Misplaced His/Her Cell Phone And/Or Otherwise Unable To Place Daily Phone Calls (PayPhone - ) To His/Her Assigned Testing Facility (T.A.D.C) Apprx Contact with Assigned Parole Officer Burrwell the Plaintiff Was

- Able to Immediately Report to the Testing Facility to Submit A Urinalysis Test within (48) Hours

[3.A.18] - However In Approximately February 2020 The Plaintiffs Extended Stay of Approximately (120) Days Expired at The Approved New Exit Facility

[3.A.19] - Accordingly In Approximately February 2020 The Plaintiff (Seantain Cook) Assigned Parole officer A. Burrell Approved The Alternative Address of A Weekly Select Suite Wherein otherwise Remained within Substantial Compliance with Condition of Release Imposed Pursuant to A.R.S § 41-1604.07(G)(3)(H) (But See Seantain Cook @ Facebook. Com)

[3.A.20] - In the Infancy of the C.O.V.I.D (19) Pandemic The Plaintiff otherwise Lost Any Means of Gainful Employment otherwise Aquiring Unemployment Benifits To Support Sustainable Housing (But See 15 U.S.C § 9009(a)(2) · 15 U.S.C § 9009(b) 15 U.S.C § 9009

[3.A.21] - However Between the Approx periods of February 2020 to April 2021 while under the supervision of Anthony Burwell the Plaintiff had and continued to remain within Substantial Compliance with the terms of Community Supervision As Defined within the Statutory Language formally Metted out within A.R.S 41-1604.07

[3.A.22] - Unfortunately In Approx April 2021 the Plaintiff (Quantavia Cobb) Became Homeless Due to the Absency of Affordable Housing within the Statutory Language of A.R.S §§41-1604.07(G)(3)(H)

[3.A.23] - Consequently In April 2021 the Plaintiff reported to his New Assigned Parole Officer to Report Changes to his New Housing Status

(But See Dept Docket #'s 810, 812)

[3.A.24] - However the Plaintiff was Advised that Parole Officer A. Burwell had been Promoted

12

And/or Reassigned to Another Office Additionally in Absence of Any Assigned Parole Officer The Plaintiff Would Otherwise Need to Reach Out to Parole Supervisor Nancy Palmer And Leave A Message Advising of Such Circumstances

[3.A.25] - Nevertheless The Plaintiff Sought in Part Otherwise Contacted Via Cell Phone The Main Idon Parole Office At which to Leave A Message for Nancy Palmer On Her Voice Mail Advising of the Plaintiffs Immediate Circumstance(s)

(But See Dept Order #810, 812)
[3.A.26] - In the face of A Number of Challenges And Obstacks Associated With Homelessness And The Plaintiffs Attempts to Aquire Treatment for his Own Health Care Needs As Concerns. The Plaintiff Subsequently Lost his/her Cell Phone And/or Any form of A Life Alert System for Any Emergent Health Care Condition As Defined by 42 U.S.C $ 1395(d)(d)

[ But See, Count (3)·(4) ]
[ See Also, Doc # (11)·(11)-(20) ]
4)-1604.07(G)(3)(H)

[3.A.27] - On or About May 4, 2021
The Mesa Iron Purple Office
Reached out by Phone to the Plaintiffs
Listed Emergent Contact Provided
Whom Was Able to Determine from
Plaintiffs Family Member(S) That
The Plaintiff No Longer Resided At
Such Address. Wherein Would Other-
Wise Incur Eviction for Housing
Plaintiff Within A [Crime Free
Housing Zone

[3.A.28] - The Mesa Iron Purple
Office Advised the
Plaintiffs Family Members That
The Plaintiff Failed To Submit
A Urinalysis Test And Needed
To Report To The Parole Office

[3.A.29] - Accordingly On or About
May 5 2021 The Plaintiff
Reported Physically Reported to the
Mesa Iron Parole Office to Inquire
Into Such Summons

[3,A,30] - On May 5, 2021 the Plaintiff Learned of his New Assigned Parole Officer Jesus Lopez At which time the Plaintiff Advised of having previously Reported to the Mesa John Parole Office in April 2021

[3,A,31] - Additionally The Plaintiff Advised Jesus Lopez of the fact that in Lieu of having Any Assigned Parole officer at such time The Plaintiff Alternatively Left A Voice Mail with Parole Supervisor Nancy Palmer Advising of the futility of the Plaintiffs Circumstances [But see exhibit order #6ole.]

[3,A,32] - Furthermore The Plaintiff Advised Named Defendant Jesus Lopez that Subsequent to his New Homelessness Status that the Reason The Plaintiff did Not Reported to L.A.S.C LAWS because 4 she also Lost dislike
A.) - Cell Phone
B.) - Lab-Top } No Pay Phones
C.) - Home P.C

[3.A.33] - While Named Defendant Jesus Lopez Acknowledged The Challenges And Obstacles in Seeking to Remain within Substantial Compliance with The Terms And Conditions of Community Supervision Pursuant to 41-1604.B7

[3.A.34] - Named Defendant Jesus Lopez offered to seek out Available Alternative Housing Pursuant to Dept Order #1805; #811 and/or Dept Order #812 DIY behalf of the Plaintiff

[3.A.35] - While Named Defendant Jesus Lopez knew or had reason believe that the C.O.V.I.D. 19 Pandemic And/or Air Pollutants [A.R.S. §§49-401, et. seg / §49-471, et. seg. / 49-471(A) A.R.S. §3-315, et. seq. See A.R.S. §49-473, et. seq.] within A Number of Drug Treatment Centers, Halfway houses Alternative Living Communities Posed A Substantial Risk of harm to the Plaintiffs future Health And Safety, A.R.S. §3-315, et. seq

Due to the Massive Spread of Infections And Contagious Disease[s] [See, AZDHS.Gov//C.D.C.Gov//WHO.Gov] A.R.S. § 36-136 // 36-789 //A.R.S § 49-47.11) A.R.S § 36-133 ` 36-132 [3.A.36] - Additionally While Named Defendant Jesus Lopez Knew That the Plaintiff Could Not Afford Reasonable Housing And/or Behavioral Transition Housing Approximately Priced At

120.00 Per week To 140.00 Per week

[3.A.37] - During the course of Appox (2) Months - Securing Gainful Employment - The Plaintiff Seriously Could Have Otherwise Accumulated A Substantial Debt of $1,120.00

[But See, A.R.S § 41-1604.07(A)(3)(H)]

[3.A.38] - The Plaintiff Otherwise Agreed to Wait within the Lobby of the Mesa Iron Parole Office To Learn of What Other Reasonable Options Named Defendant Lopez Discovered

Most Suitable to the Plaintiffs Individualized Needs And Assessments
[But See A.R.S § 41 -320]
[See ASD Dept Order #8115; 1812]

[3.A.39] - However, Upon Awaiting Apprx (45) Minutes within the Lobby of the Mesa Iron Purple Office The Plaintiff Elected to Invoke His/Her Constitutional Rights in Relation to Health And Safety Concerns A.R.S § 3-3115, et. seg

[3.A.40] - Specitively In Taking into Account His/Her Dish Views in Relation to Health And Safety Needs Pursuant to D.O #812 And #606 In Seeking Alternative Placement within Any Waiting Area Behavioral ~~_____~~ Transition Housing or Any other federally funded Unit Heavily Populated with the COVID 19 Virus (Rehabilitation Act of 1964) [But See AZ.DHS.GOV] A.R.S § 36-132 / § 36-133

[3.A.41] - Contrary to Named Defendant Jesus Lopez The Plaintiffs Pre-Existing Chronic Care Demanded Placement with A Health

Cure Institution For:

NeuroSurgery

Barrows Neurological Institute

A.R.S§ 31-201.01(D)

A.R.S§ 41-1604.01

A.R.S§ 41-3202

Wherein Otherwise Left in Persuit of Suitable Arrangements in Light of Prior Authorization

[3.A.42] - On the Premise of Both Mis-Leading Facts And/or Information...... Named Defendant Jesus Lopez Crafted A Request for Warrant of Arrest On May 5, 2021

[3.A.43] - Having Procedurally Failed To Submit To Named Defendant Jesus Lopez Parole Supervisor Nancy Palmer Pursuant To Departmental Policy D.O.# 810, #608

[3.A.44] - Named Defendant Anthony Oliver, Failed To Make Any Independent Investigation into the facts, Policies And/or Evidence To Support Any Claims Presented by Defendant J. Lopez (D.O.# 606)

[3.A.35] - Having Failed to Adequately Train And/or Supervise Named Defendant Jesus Lopez (Detective) (I.D. #606) Anthony Oliveri Acquiesced in The Written Report And/or Request for Warrant of Arrest by which to Deprive The Plaintiff of his/her Freedom From Restraint on or About May 6, 2021 (Resultive in Plaintiff's Arrest And Detainment on May 26, 2021)

B. - Substantial Risk of Harm

---

[3.B.1] - The Plaintiff Alledges that He/She Has A Pre-Existing Medical Condition by which to Be Classified As Chronic Care Needs

(i) - Hydrocephalus
(ii) - Hypertension
(iii) - High Blood Pressure
(iv) - Shunt Malfunction

[3.B.2] - Furthermore The Plaintiff Alledges that Such Chronic Care Needs....... Placement within Unlicensed Institutions Subjects the Plaintiff To An Unreasonable Substantial Risk of Harm

[3.B.3] - Specifically, Due to Pre-existing "Chronic Care" Needs And the Massive Spread of Infectious And Contagious Disease within City, County And/or State Run Facilities, Placement Therein within Any Mandatory, Noticed, Behavioral Transition Living or Any other Federally Funded Institution would have otherwise Unreasonably Exposed the Plaintiff to A. Pollutants Commonly known to Result in the Death of Millions of US Citizens Lange vs Superior Court

C.) - Deliberate Indifference

[3.C.1] - The Plaintiff Alledges that Named Defendant(s) Jesus Lopez And Anthony Oliveri knew And/or had Reason to Believe That in Light of the Totality of the Circumstance(s) Named Defendants did Not have Statutory Authority ( 41-Rep4.07(G)(3)(H)) Nor by Rule or Policy (Dept Order #8128** to ) By which to Deprive the Plaintiff a No Sever Liberty Interest on the Promised Homelessness And/or Financial Ability to Affordable Housing

[3.C.2] - Additionally The Plaintiff Alledges That Named Defendants Lopez And Oliveri Knew And/or had Reason To believe that Statutory Authority did Not Exist to Effectuate The Untraceable Forced Exposure To Any State Created Danger Marked by Air Pollution on The Grounds of No Other Homelessness Status And/or Income Statements

[3.C.3] - Ultimately The Plaintiff Alledges That Any Such State Action was Beguiling in A Human Decency otherwise Barbaric In Nature And Shocking to the Conscience Mind of A Matured Society (But see Dept order #60$) ARS§ 3-3115, 36-133

[3.C.4] - Nevertheless The Individual And/or Collective Acts/omissions of Both Lopez And Oliveri Forced Plaintiff To Choose Between Homelessness & Freedom From Restraint (But See Dept order #811, & 2 And or #60$)

[3.C.5] Reflective of A Depravity of Mind Named Defendant Jesus Lopez Subsequently Forged The Arrest warrant by which to Achieve The Desired Result; The Deprivation of Plaintiff Freedom From Restraint

## Mass Incarceration vs. Regulatory Bill of Rights
C.N.N. Jibe Apprentice MARS 11-1602, et seq. 1549-47, et seq.

### COUNT II

1. State the constitutional or other federal civil right that was violated:
14th Amendment: Due Process [Freedom From Restraints]
Turner vs. Safely

2. **Count II:** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

   Stack vs. Boyle, 342 U.S. 2 (1951); Smith vs. Hooey

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   A.) Statement of FACTS

   [3.A.1] - On November 15, 2020, January 16, 2021 and March 6, 2021 The Plaintiff was charged with Misdemeanor D.U.I. And/or Aggravated DUI

   [3.A.2] - On May 26, 2021 The Plaintiff was Arrested and Detained within The Dept of Corrections Pursuant to a Fraudulently Forged Arrest Warrant for an Unreasonable Price Violation Premised Upon The Plaintiffs Homelessness Status.

   [3.A.3] - On June 11, 2021 The Plaintiff Submitted, Mailed/Delivered via U.S. Mail A Bill (B.3) Motion to Quash Warrant And/or Dismiss Complaint To both The Clerk of the Court And City/County Prosecutor

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   [4.A.1] - Prolonged Pretrial Incarceration: Loss of E.R.C. Covid-19 Near-Attack, False Imprisonment, Loss of Income, Loss of Property, Psychological Trauma, Emotional Distress

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. (See., 1-CA-CR 24-0329) 1-CA-CR 24-0330

[3.A.4] - Apon Receipt of Such Motions The City Prosecutor Filed A Ule's) Motion within The Mesa Municipal Court Seeking the Dismissal of Misdemeanor D.U.I Charges Initially Filed within Case
2020-050022-001
2020-060350-001

[3.A.5] - On June 29, 2021 And June 30, 2021 The Mesa Municipal Court Dismissed the Misdemeanor D.U.I Charge Subsequently Re-Filed by the State As An Aggravated D.U.I in Case No. CR# 2021-002141-001 State vs Issie

[3.A.6] - On August 16, 2021 And August 18, 2021 The State Obtained Grand Jury Indictment(s) In Case Number(S)
CR# 2021-000928-001
2021-001949-001

[3.A.7] - On August 19, 2021 The Prison Mailed Appellants Request for Final Disposition Under Rule (8.3) to both The Superior Court And the County Attorney Office

[3.A.8] - Additionally On September 11
2021 The Plaintiff Mailed/
Delivered Via U.S. Mail As Well
"Motion to Invoke Speedy Trial Rights
Per Rule 8.3" To both the Clerk of
The Superior Court And the County
Attorney's Office

[3.A.9] - While The Plaintiffs Sentence
Expiration Date within
Such Unreasonable Community Super-
vision Violation Was: December 3, 2021

[3.A.10] - Both the County Attorney
(Ross Arwood) And the
Trial Court (Laura Belengiate) Had
(90) Days to bring About the Final
Disposition of Any Subsequent
Case
[CB# 2021-DDM29-001)
2021-DDJ949-001)
2021-DDZ141-001)
By November 28, 2021)
[But See A.R.S. 11-532(A)(9)
A.R.S.§§ 419-473, et.seq ]

[3.A.11] - However Despite Constitutional Obligations And/or Statutory Duties [A.R.S § 11-5321(A)(9)] Named Defendant Bass Arellano failed to Bring About the Final Disposition of the Case By Either:

November 28, 2021
January 10, 2022
March 3, 2022
[But See, 15 U.S.C § 1692(d)(e)S]

[3.A.12] - Nevertheless Named Defendant Phillie Noogle Despite Actual knowledge of The Deprivation of the Plaintiff's Freedom from Restraint And/or False Imprisonment In Absence of Any Statutory Authority [A.R.S § 13-3972] for Continued Pre-Trial Detention --- Deliberately Acquiesced in The Continued Constitutional Violation In Acquirement of A Contractual Pecuniary ~~████~~ Financial Gain. [But See, A.R.S § 38-523(C)]

[3.A.13] - Additionally Despite Notice And Hearing On February 15, 2022 And/or March 3, 2022 Advising Named Defendant Laura Conover of Such Rule (8.3),(8.6)

And/or Regulatory Bill of Rights [A.R.S. 39-832 et seq.// 41-1021, et seq] Violations.------

A.R.S 3-3.115, et. seq

[3.A.14]- In the display of a flagrant and/or reckless disregard to the mandatory language of Bill Clause, Bill, etc., And/or Bug Bill of Rights_____ (A.R.S.39-832(B)(9)(14)"41-1602, et seq) is therefore failure to dismiss all charges And/or Inditments within Case ID

[CR# 2021-DD1928-DD]
2021-DD1949-DD]
2021-DD2141-DD]

A.R.S 13.3972 (A.R.S 38-443; 12-109/15 U.S.C.1692
[3.A.15]- Accordingly in excess of Jurisdiction and outside the scope of (their) conduct as trans: actionally authorized by Bill or statutory authority.----- (A.R.S 13.3972) Named Defendant(s)

Ross Arellano, Charlie Naegle and/or Laura Gingwinto Either Individually or collectively subjected the plaintiff to the deprivation of his Liberty interest, while otherwise subjecting plaintiff to the state created Danger of Air Pollutants ( C.U.V.I.D 19 ) while

- Continuously Housed within M.C.S.D.-County Jail Between the Periods of September 15, 2021 To June 22, 2022 (But See AZDHS.Gov / C.D.C. Gov)

[3.A.16]-Furthermore Despite the Plaintiff's Verbal Motion to Modify Release Conditions Pursuant to Either

i)-A.R.S § 13-3967(A)'; R.Crim P 7.2(a)
ii)-A.R.S § 13-3972; § 3-3115, et. seq
iii) A.R.S § 9-832, et. Seq
iv) A.R.S § 11-1652, et. Seq
v)-14th Amendment

Amongst A Number of other Reasonable Alternatives,___ (R.Crim P 7.2(a)' Lv R.Crim R 38)

On February 7, 2022' And/or March 23, 2022' Named Defendants William Gingum to Ross Arellano and Charlie Naegle In Excess of Jurisdiction And Outside the Scope of Any Official Conduct And/or Duties (But See A.R.S § 11-532(A)(9)' § 38-503(C))

[3.A.17]-Deliberately Chose to Subject The Plaintiff to Excessive Bail-After the Speedy Trial Time Limits Expired-By which to Force the Plaintiff into the Payment of $2,500 To Subsidize the Expense of their Operation

-In Exchange for the Constitutional Protections of ones Property Rights, Parental Rights, Right to Travel, Freedom from Restraint, And/or Other Liberty Interest Derived from State Statutes, Rules And/or Procedures, US Constitution (But see., 15 U.S.C § 1692, et seq)

§ B) - Substantial Basis

[3.B.2] - Plaintiff Alledges that Named Defendant(s) Maricopa County, Board of Supervisors, Bill Gates, Benjamin Armstrong, and Luis Arguinto, Ross Arellano, and Charlie Noegle. Individually And/or Collectively knows And/or Had Reason to Believe That Rule 18.3 (E.b) Regulatory Bill of Rights [A.R.S § 9-832 et seq IIII-II682, et seq 2.A.R.S § 9-473, et seq ] Gave Rise To A Liberty Interest Protected By Due Process & Law As Articulated Within Multiple Statutory Special Actions

[3.B.2] - Furthermore Plaintiff (Quantum Meruit) Alledges That Despite the Mandatory Language of Rule 18.3 (E.b) And/or A.R.S § 9-832 (8)(9)(10), A.R.S § II-II682, et seq A.R.S 12-2101 etc 12-2021, etc Rules of Special Action

[3.B.3] - Named Defendant(s) Maricopa County Bill Gates, Laura Gaugush Objectively Knew (A.R.S. § 38-443) That the Application of Duplicate Regulations to Deprive the Plaintiff of Such Liberty Interest Served No Penological Objective but the Unreasonable Exposure to A State Created Danger (Air Pollutant [3.B.4] - Rather Named Defendant(s) Laura Gaugush And Benjamin Armstrong Utilized Such Duplicate Regulation As A form of Retaliation for the Assertion of Any Procedural, Statutory, And/or Constitutional Rights Otherwise Equating to Cruel and Unusual Punishment [A.R.S. § 12-109 / 13-3972] by The Unreasonable Exposure to Air Pollutants" [3.B.5] - Due to Named Defendant(s) Bill Gates Benjamin Armstrong, Laura Gaugush, Ross Arellanos Individual And/or Collective Culpable Mental State Equating to Deliberate Indifference — (As Apposed to Deliberate Ignorance of the Law — to the Plaintiffs Statutorily Created Liberty Intas Protected by Due Process [A.R.S. § 12-109, 13-3972, A.R.S. § 9-832 et seq] (Despite Statutory Special Actions)

[3.B.6.] - Additionally, As Direct Result of the Common Custom Policy And/or Practise of Both Maricopa County (A.R.S. §§ 49-401, et seq. And/or Board of Supervisors (A.R.S. §§ 49-453, et. seq.)

(But See Admin Order 2021-109)

Failure to Adequately Train, Supervise And/or Regulate the Misconduct of Behavior of its Subordinates Giving Rise to Such Systematic Deficiencies

A.R.S. § 11-462, et; A.R.S. § 9-832(8), (9), (10); 38-443

[3.B.7.] - The Individual And/or Collective Acts/Omissions of Named Defendants Maricopa County Board of Supervisors Bill Gates, Benjamin Armstrong, Luiza Giuquinta And/or Charlie Mangle, (A.R.S. § 12-189; § 11-532; § 11-462, et seq.) Ultimately Subjected the Plaintiff To An Atypical & Significant Hardship (C.O.V.I.S.B.19) In Relation to Ordinary Incidents of Prison Life [Sentence Expired: Dec 3, 2021] by the Deprivation of Concurrent Sentencing And/or Prolonged Partial Incarceration [But See Rule(B.6.)R.crim.P]

[But See. A.R.S. § 13-3972
See Also A.R.S. § 38-443
A.R.S § 38-504(c)

A.R.S. §§ 49-401, et. seq. / § 49-471, et. seq. / § 49-471.01, et. seq.

[3.B.8] - Ultimately Named Defendant(s) Maricopa County, Bill Gates And/or Board of Supervisors Common Custom Policy And/or Practice in Failure to Adequately Screen And/or Supervise Contract to Hire (1099 Employees) for Quality Assurance Specific Performance Measures This to Ensure Any Meaningful Adversarial testing of Legal Claims of Pre-Trial Detainee's within the Meaning of the 6th Amendment A.R.S §13-3967(A)/ A.R.S § ___ / A.R.S §13-3972

[A.R.S § 38-504(C)]

[3.B.9] - This to Prevent Deture Any Pecuniary Financial Gain from The Annoying, but more Disfavored Deprority of Mind to Procedural Statutory And/or Constitutional Violations §13-3972) Amounting to the Actual/Constructive Denial of Counsel within the Meaning of the 6th Amendment A.R.S §12-109)

US VS. Cronic

Holloway VS. Arkansas,

Betschart VS. Oregon

Mapell VS. Dept. of Soc. Serv.

[3.B.10] - Consequently Such Resulted in Plaintiff's Wrongful Conviction

## COUNT III

1. State the constitutional or other federal civil right that was violated: 14th Amendment, Adequate Medical Care
   Bell vs. Wolfish,

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____
   Jett vs. Penner,

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. Snow vs. McDaniels

   *A.)- Medical History*

   [3.A.1] - In August 2019 The Plaintiff (Stanton Codd) was released from the AZ Dept of Corrections and placed on Community Supervision In Accordance to A.R.S. 41-1604, et seq.

   [3.A.2] - Apon The Plaintiff's Release from A.D.O.C. (stanton) In Accordance to A.D.C. Policy #1101 The Plaintiff was given A 130 day Supply of his prescribed Anti-Seizure Medication's.
   900mg Gabapentine (2x) Per day,
   1000mg Tilepton) (2x) per day,

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   [4.A.1] - Diagnotic Brain Damage, Loss of Teeth, Micro vascular Ischemic Disease, Brain Injuries, Emotional Distress, Psychological Torture, Mental Anguish

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. (See, Notice of Admin Exhaustion)

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

Jett vs. Penner

Estelle vs. Gamble,
Farmer vs. Brennan,
Monell vs. Dept Soc Serv
Snow vs. McDaniels
Gibson vs. County of Washoe

5

[3.A.3] - Upon Enrollment into the AHHCS Health Care System as Means to Seek Out Adequate Medical Care.

The Plaintiff was Able to Choose A Health Care Plan (Medicare Advantage Plus)

This to Seek the Continuation of Adequate Medical Care

[3.A.4] - In Accordance to the Plaintiffs Selected Health Care Plan The Plaintiff was Assigned to Network Providers

(a.) - M.D. J. Painini Valley wise Health

(b.) - PHD George Lu Wong (Neurologist) Neuro Diagnostic Sleep meds And Assoc

[3.A.5] - In Approximately November 2019 The Plaintiff was Able to Schedule an Appointment with M.D. Painini of Valley wise Health in Mesa Arizona

[3.A.6] - Upon Consultation with M.D Panini. The Plaintiffs Assigned Health Care Provider was Able to Conduct a Physical Evaluation And Examination of the Plaintiff.

[3.A.7] - Additionally, Medical Records From Valleywise Health Shall Also Reflect That in Approximately November 2019 M.D. Panini was Able to Gather Information Relative to the Plaintiffs Medical History And/or Neurological Condition

[3.A.8] - Furthermore, M.D. J. Panini was Able to Aquire the Plaintiffs Medical Records From
(i) - Corizon Health Services
(ii) - St. Josephs Hospital
(iii) - Neuro Diagnostic Imaging Center
And/or others by which to formulate any Clinical Decisions Relative to the Plaintiffs Health Care Needs or Concerns

[3.A.9] - Ultimately In November 2019 M.D. J. Ranini ordered the Continuation of Prescribed Anti-Seizure Medications

900mg Gabapentine 13x per day,
600mg Trileptal 1 (2x) per day,

[3.A.10] - Additionally In Apprx November 2019 Due to Plaintiffs Reports of Continued Seizure Activity.

- M.D. J. Ranini of Wellcare Health otherwise Submitted A Referral for Consultation Evaluation And/or Examination by Network Provider

George Lee Wong
Neurologist

[3.A.11] - While the Plaintiff Had And Continued to Experience Seizure Activity.

The Plaintiff was otherwise Seen by Neurologist ~~George~~ George Lee Wong For Consultation Evaluation Physical Examination And Treatment In Approximately

March 2020

[3.A.12] - Upon Consultation, Evaluation, Physical Examination with Neurologist George Lee Wong in March 2020 On The Basis of Scientific Evidence Such as The Plaintiff's Medical Records from Corizon Health Services And/or M.R.I. from Dignity Health Group, George Lee Wong was Able to formulate And Make A Clinical Decision to Increase The Plaintiff's Anti Seizure Medication

From: 900mg Gabapentine (2x) Per day
600mg Trileptal (2x) per day

To: 1200mg Gabapentine (3x) per day
600mg Trileptal (2x) per day

As Modality of Treatment And to Ensure the Provision of Adequate Medical Care for the Plaintiff

[3.A.13] - However, In Approximately August 2020 The Plaintiff Otherwise And And Continued To Experience Periodic Seizure Activity Marked by Sharp Agonizing Pain within his/her Right Side of the Abdomen Lasting (4) To (10) Minutes in Duration

[3.A.14] - Consequently In August 2020 The Plaintiff Admitted Self into Emergency Urgent Care At Dignity Health

[3.A.15] - Apon Consultation with Health Care Providers From Dignity Health in August 2020 The Plaintiff was Subjected To Both

(i) - M.R.I And
(ii) - Shunt Series Ct-Scan

[3.A.16] - On The Basis of Scientific Evidence in the Conclusion of Physical Evaluation And/or Examination Health Care Providers From Dignity Health was Able to Formulate And Reach A Clinical Decision in the Diagnostic Report SS that the Plaintiff Suffered From:
Shunt Malfunction

[3.A.17] - Subsequently Health Care Providers From Dignity Health Immediately Submitted A Refferal to St. Josephs Hospital for A 2nd Opinion And/or Neuro Surgery Consultation

38

[ 3.A.18 ] - Upon Admittance into St. Josephs Hospital Emergency Room in August 2020 The Plaintiff was Subjected to;
(i) - Shunt Series M.R.I
(ii) - C.T-Scan

[ 3.A.19 ] - Upon the Conclusion of All Physical Examinations, And/or Evaluations Radiologist From St. Josephs Hospital Concluded with a Diagnostic Reports that the Plaintiff NSO Experienced 4 Shunt Disconnect

[ 3.A.20 ] - Although Health Care Providers From St. Josephs did not Possess Any of the Plaintiffs Medical Records From the Approx Period(s) of December 1988 To August 2020......

[ 3.A.21 ] - The Medical Doctor From St. Josephs Hospital in Consultation with NeuroSurgeon Mark Puglisit Reached A Clinical Decision that while Immediate

Surgical Procedure Was Unwarranted At The Time.

Nevertheless Such Medical Doctors Submitted Emergency Petitions And a Prior Authorization for Neuro Surgery (Burrows Neurological Institute) Thus to Bypass Any Clinical Decision to Subject the ~~shunt~~ Shunt Dependent Plaintiff to Neuro-Surgery (within (10) Days) To Correct Shunt Malfunction.

[3.A.22] — Although the Time frame for Such Prior Authorization was to be Carried Out within (10) Days. Due to the C.O.V.I.D 19 Health Care Pandemic of 2019-2023 The Plaintiff Subsequently Experienced Scheduling Difficulties in Consult with Medical Facility

[3.A.23] — Nevertheless Due to the Repeated Denials for Specialty Consult by Both the Dept. of Health Services Correctional Health Services And/or Burrel Shimpf Plaintiffs Condition was Deteriorated Marked by Micro Vascular Ischemic Disease

## §4.) - Statement of Facts

[4.A.1] - On September 15, 2021 The Plaintiff (Sean Ivan Cooks) was transferred ~~from~~ from: A.S.P.C.-Lewis/Bast

To: M.C.S.O-County Jail (See A.R.S. § 31-224 )

[4.A.2] - Pursuant to Statutory Language Articulated within A.R.S. § 31-116 Both A.D.C., R.R. and/or its Contractor Centurion Health Services in the Continuity of Care for the Plaintiff As Apposed to the Entirety of The Plaintiff's Complete Medical Record Sent Merely A Single Page Document Oi Refluse Listing the Plaintiff's

(i) - Current Diagnosis
(ii) Treatment Plan
(iii) Special Needs Orders
(iv) - Allergies
[But See A.R.S. 12-2293//12-2297]

[4.A.3] - During Intake Screening by Healthcare Professionals From Dept of Health Services (DHS) And/or Correctional Health Services (CHS)

41.

Health Care Professionals utterly failed to acquire, retain and/or procure a complete medical record for the Plaintiff c/ which to constitute any minimal measure to the provisioning Adequate Medical Care as forwith meted out within such statutory duties

[A.R.S §12-2293 / §12-2297]

[4.A.4] - Nevertheless The Plaintiff - Advised both the Dept of Health Services (D.H.S) Corrections Health Services And/or Russel Skinner; Either Individually or collectively of his/her historic Medical history, Needs and Concerns as articulated herein above seeking Specialty Consultation to adequately Address Neurological Condition Hydrocephalus Shunt Malfunction [But See Doc # IDS;(1)]

[4.A.5] - Specifically, on Sept 15, 2021 The Plaintiff was seen by N.P. Jane Doe III                     for Consultation And Assesments, wherein The Plaintiff Advised of his/her serious Medical Needs (Hydrocephalus) seeking Specialty Consultation for Neuro Surgery to Address Shunt Disconnect

[4.A.6] - Although Named Defendant DHS, C.H.S and/or N.P June Doe Readily Admitted that He/She did not have a Complete Medical Record for the Plaintiff - To Include but not Limited To

[ A.R.S § 12-2297 ]

(i) - Entire Medical Records
(ii) - Any Medical History
(iii) - Sleep Series M.R.I
(iv) - CT-Scans
(v) - X-Rays
(vi) - Radiological Images
(vii) - Diagnostic Reports
(viii) Any other Medical Documents And/or Records

[4.A.7] - Despite The Plaintiffs Reports of Adverse Negative Side Affects of Psychotropic Medication Resulting in Homicidal/Suicidal Ideation Otherwise Documented Within the Plaintiffs Medical History

[4.A.8] - Named Defendant C.H.S And/or N.P June Doe Prescribed Clinically Inappropriate Modality of Treatment And/or Psychotropic Medication 750 mg Keppra to the Plaintiffs

Neurological Seizure Disorder

[4.A.9.] - Additionally Despite Such Birth Defect Aproximatly Caused by Spinal Bifida [A.R.S. 36-133] [Billsee. A.R.S. 41-3201, et seq] Named Defendants Dept of Health Services, Jeanni Cunica ___ Correctional Health Services And/or Russel Skinner Individually And/or Collectively Deliberstely Chose to Treat the Plaintiff's Neurological Condition Pharmacutically As Apposed to Any Surgical Procedure ___ indicative within Prior Authorizations from outside Health Care Institutions [See Dog #113; 10/3/12]

[4.A.10.] - While the Plaptiff-Adud And Continued to Experience Seizure Activity The Plaintiff Submitted A Number of Health Needs Request To both Dept of Health Services (D.H.S) And/or Correctional Health Services Seeking to obtain Aquire And/or Procure A Complete Medical Record from

(i) - St. Josephs Hospital

(ii) - Banner Boswood Medical Center

(iii) - Osborn Health Group Med Center

(iv) - Dignity Health Care

(v) - Valleywise Health

(vi) - Neuro-Diagnostic Sleep Meds

(vii) - AZ Radiological Tech

(viii) - Neuro Diagnostic Imaging

(viiii) - Corizon Health Services

(vvv) - Centurion Health Services

This to Reach Any Clinical Decision As to the Modality of Treatment Suited for the Plaintiffs Neurological Condition (Hydrocephalus) And/or Shunt Malfunction

[4.A.11] - Between the Approximate Period of September 2021 to November 2021..... Named Defendant(s) D.H.S. Thomas Jugler, L.H.S And/or Russel Shinner Had Otherwise Been Able to Aquire Scantily Clad Excerpts of Medical Records From

(i) - St. Josephs Hospital

(ii) - Dignity Health And/or

(iii) - Valleywise Hospital

[A.R.S 12-2293 / 12-2297]

[4,A,12] - Although The Record Medical Record Excerpts Aquired And Retained by Named Defendant C.H.S in Approximately September 2021 To November 2021 Gave Rise To Actual Knowledge of the Plaintiffs Medical Needs or Concerns

[4,A,13] - Such Medical Records Excerpts Gave Rise To A Statutory Duty And/or Constitutional Duty To Investigate Further into the Compilation of A Complete Medical Record for the Plaintiffs Health Needs And/or Concerns

A.R.S § 12-2297

[4,A,14] - Nevertheless Between the Approximate Periods of September 2021 To July 2022 The Plaintiff - Had And Continued to Submit A Number of Health Needs Request to Both D.H.S And/or C.H.S Seething Consultation with Both

(i) - Neurologist

(ii) - Neuro Surgeon

(iii) - M.R.I Scientific Examination

(iv) - Shunt Series M.R.I

(V) - Ct - Scan

(VI) - Clinically Appropriate Treatment formaly Metted out by Neurologist (2020); (2014)

[4.A.15] - Although in Approximately February 2022, the Plaintiff was seen by N.P. Jane Doe #2, wherein "Non Physical Examination And/or Evaluation" Whom on the basis of Abstract Medical Records Subsequently changed the Plaintiff's (Seantum Cooks) Proscribed Medications from: 750^ms Keppra (2x) Per day, To: 600^ms Gabapentine (2x) Per day (Peak's Time Concentration Rate ??)

[4.A.16] - Named Defendant N.P. Jane Doe #2, Submitted Provider Request to both D.H.S And/or C.H.S Utilization Review Team(s) for Specialty Consultation" with Neurologist to Reach Further Clinical Decision as to the Modality

a) Treatment by which to ensure Adequate Medical Care for the Plaintiffs Neurological Condition

(i) - Hydrocephalus
(ii) - Shunt Malfunction
(iii) Shunt Disconnect

[4.A.17] - Supporting Named Defendant June Doe #2 Provider Request for Specialty Consult N.P. June Doe #2 Noted within the Plaintiffs Medical Records That a Slider Shunt Valve was dued to the Physical touch, And Not functioning in A Normal to Shird Shunt Reservoir Not Flushing Excess Cerebral Spinal Fluids; Mechanical Disfunction??) (But See A.R.S. §41-3041/A.R.S. §41-3201

[4.A.18] - However, Despite Such Medical Documentation of A Clearly Present Matter of Imminent Danger to the Plaintiffs Future Death And Safety...

Named Defendants D.H.S. J.Cunno Thomas Tegeler C.H.S. And Dr Bissell Shinner Arbitrarily Denied Provider Request to Specialty Consultation

on (2) separate occasions in Apprx
November 2021
March 2022
[But See., A.R.S §§ 26-315], et. seq
A.R.S §§ 26-250]
A.R.S §§ 41-3201 // 41-3262
[¶ A. 19] - Duty to Named Defendant(s)
J. CuriGo, D.H.S. Thomas Tegeler And/or
Correctional Health Services, Bigsel
Skinner Failure to Comply with
Statutory/Constitutional Duty to
Aquire, Retain And/or Procure The
Plaintiff's Medical Records
[A.R.S 36-136; 36-132
The Plaintiff, Seantwan Cooks did
Not begin to Recieve The Minimum
Measures of Health Care Treatment
Until Approximately March 2022
Reflective by the Administration a

1700ᵐᵍ Gabapentine (2x) Per day

600ᵐᵍ Trileptal (2x) Per day

In The Continuity of Care as otherwise
Previously Prescribed by Neurologist
George Lee Wong from Sleep Diagnostic
Sleep Med's & Associates in 2020

§5) - Substantial Basis
of Norm

[S.A.2] - Plaintiff Alledges that Named
Defendants D.H.S. Jeannie Lumio
Thomas Tegler C.H.S. Jane Doe #1
Jane Doe #2 And/or Russel Shannon
Wither Either Individually And/or
Collectively Either Knew And/or
Had Reason to Believe that the
Plaintiff Suffered from A Rare
Neurological Disorder According to
Both the Plaintiff's Verbal Complaints
Written Communications And/or
Medical Records from

(i) - Valleywise death
(ii) - Dignity death
(iii) - St. Josephs Hospital
(W.B.S 12-2297)

[S.A.2] - However Despite Such
Serious Medical Needs
Named Defendants D.H.S. J. Lumio
Thomas Tegler C.H.S. Jane Doe #1
Jane Doe #2 And/or Russel Shannon
Deliberately Failed to Aquire
Procure And/or Retain the Plaintiff's
Medical Records to Ensure the
Continuity of Care for the Plaintiff

[S.A.3]-Despite Individualized Actual Knowledge of the Absence of A Complete Medical Record for the Plaintiff (A.R.S 12-2293 / 12-2297) Named Defendant(s) D.H.S Jeannie Cunico, H.S Thomas Segular, and Bissell Shinner acted too Deliberately Failed to Promulgate Any Quality Assurance Measures to Abate/Negate the Substantial Risk of Harm Associated with the Absence of A Complete Medical Record

[S.A.4] - Additionally Despite Actual Knowledge of the Absence of A Complete Medical Record for the Plaintiff Named Defendant(s) D.H.S And/or C.H.S Failed to Promulgate And/or Implement Any Peer Review Policy or Adequate Utilization Review Policies. Neither did Named Defendants D.H.S And/or C.H.S Promulgate And/or Implement Any Supervision Agreements To Ensure Adequate Supervision of Any Nurse Practitioner or Physician Assistant By A Board Certified Medical Doctor In the delivery of Adequate Medical Care

## 86.) - Deliberate Indifference

[6.A.1] - In The formulation of Actual Knowledge of The Plaintiff Suicidal Medical Needs by Aquiring these Abstract Medical Records to Approximately November 2021, March 2022 And/or May 2022 From

(i) - St. Josephs Hospital
(ii) - Dignity Health
(iii) - Valleywise Health
(iv) - Neuro Diagnostic Sleep Meds And Assoc

[6.A.2] - Named Defendants D.H.S, Jeannie Cunico C.H.S, Thomas Tegeler Russel Skinner + others Despite Such Actual Knowledge Arbitrarily Denied (2) Seperate Provider Request for Specialty Consultation And/or Utterly Failed to Subject the Plaintiff to Any Scientific Examination to Obtain Any Differential Diagnosis by which to Treat the Plaintiff's Shunt Malfunction [Dont See A.R.S 20-171, et. seq. (20-250)] In Compliance with Community Standard

[6.A.3] - In Light of Named Defendants Individual And/or Collective Actual Knowledge of the Plaintiffs Serious Medical Needs Wherein Failed To Act to Ensure the Provision of Adequate Medical Care.

Such Deliberate Indifference Reflective by their Substantial Compliance with Any Statutory Duty And/or Regulatory Statutes, Rules And/or Procedures Amounted to No Health Care at All Falling Unacceptably Below Constitutional And/or Community Standards (A.R.S §12-2293 / §12-2297)

[6.A.4] - The Plaintiff (Seanta R. Cook) Alleges that in Totality of the Circumstances that the Moving Force behind the Constitutional Deprivation of Adequate Medical Care was Named Defendants D.H.S. C.H.S And/or Maricopa County's Common Custom Policy And/or Practice in Maintenance of

(i) - Incomplete Medical Records

(ii) - Systematic Deficiencies Within its Utilization Review Procedures

(iii) - Failure to Report and/or Collect Statistical Reports, Metrics Data Compilations on **Infectious And Contagious Diseases** Pursuant to A.R.S§ 36-133 / 36-136 by which to **Adequately Inquire** into the functionality And delivery of **Health Care Services** to Pretrial Detainees And the Corrective Action

(IV) - Failure to **Adequately Detect** And/or Monitor **Birth Defects** by which to Require a Higher Level of Care / Residency Levels and/or May fall Outside the Scope of the Basic Health Care Services Providers License

This to Ensure Health Care Coverage for Head And Spinal Injuries Pursuant to A.R.S§ 41-3201, et seq

[ ¶A.57 - ] And Named Defendants herein Above implemented Any **Quality Assurance Measures** to Secure Complete Medical Records And/or improve Utilization Review Procedures if Named Defendants Would have Otherwise Timely Discovered Shunt Malfunction

Mass Incarceration vs. Regulatory Bill of Rights
A.R.S § 12-109; 9-832, et seq / A.R.S § 49-401, et seq / 99-49, et seq / 49-473

### D. CAUSE OF ACTION

## COUNT IV

1. State the constitutional or other federal civil right that was violated:
14th Amendment - Due Process
Nelling vs. McKinney.

2. Count I. Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☒ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____
Polanco vs. Diaz.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count IV. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
[3.A.1] - On or About September 15, 2021 The Plaintiff (Sean Twin Tooth) was Transfered From: A.S.P.C - Lewis/Bust
To: M.C.S.O - County (Jail)
Wherein in Accordance to A.R.S § 31-229 Dept of Corrections And/or Centurion Health Services, In Absence of A Complete Medical Record, Sent Merely A Single Page Summary Report by which to Insure the Continuity of Care to the Plaintiff.
A.R.S § 12-2293 // § 12-2297.
[3.A.2] - During Intake Screening At M.C.S.O - County Jail, The Plaintiff Advised Named Defendants D.H.S; C.H.S, Maricopa County Board of Supervisors, Bill Gates, Russell Skinner And/or N.P Jane Doe #1

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
[4.A.1] - Micro Vascular Ischemic Disease, Heart Attack, Emotional Distress, Psychological (Mental) Torture, Mental Anguish, Physiological Torture, Mild Stroke.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. (See, Notice of Admin Exhaustion!!)

Guiterrez-Lopez vs. Figuroa.
Clawdante vs. Newton
Polanco vs. Diaz.
Nelling vs. McKinney

—Of the Plaintiffs (Seantavin Cook) Medical History to Include but Not Limited to Nis/Her Physiological Conditions, Neurological Disorder And/or other Pre-existing Conditions that would otherwise Expose the Plaintiff to an Unreasonable Substantial Risk of Injury Possed by Any Air Pollutants during the COVID 19 Health Care Pandemic

[But See A.R.S §§ 49-401, et. seq.; § 49-471, et. seq. A.R.S § 3-1106; § A.R.S § 49-473, et. seq.; A.R.S § 3-1107]

A.R.S § 3-3115

[3.A.3] - On September 15, 2021 The Plaintiff was Seen by Named Defendant N.P. Jane Doe # 1 ( ) Wherein was Able to Consent And Subject the Plaintiff to Assessment In Evaluation of Treatment options And Selection of Any Modality of Treatment in A Clinically Appropriate Fashion

[3.A.4] - Although Named Defendant(s) Maricopa County Board of Supervisors Dept of Health Services, Bill Gates Nov L, AS And Jane Doe #1 did not have A Complete Medical Records for the Plaintiff 15-years Preceeding To Include but Not Limited to

(i) - Historic Medical Records
(ii) - Any Medical History
    (Hypertension/Blood Pressure)
(iii) - Shunt Series M.R.I
(iV) - C.T-Scans
(V) - X-Rays
(Vi) - Radiological Images
(VII) - Diagnostic Reports
(VIII) - Any Other Medical Documents
        And/or Records

[5.A 5] - On The Basis of Incomplete
    Medical Records And in Light
of the Plaintiff's Pre-Existing Health
Care Conditions
        (i) - Hypertension
        (ii) - Hepititis C
        (iii) - Hydrocephalus
        (iV) - Shunt Malfunction/Disconnect
Named Defendants Maricopa County
Board of Supervisors Dept of Health Service
Correctional Health Services, Bill Gates,
Russel Skinner, Nor N.P Jane Doe # 1,
Utterly Failed to Provide Any Treatment For
        (i) - Hypertension/High Blood Pressure
        (ii) - Hepititis C
And/or Failed to Take Reasonable Measures
To Abate/Negate The Risk of Contracting C.D.V.H.

19. Due to the Massive Spread of Any Air Pollutants Posing Environmental Safety Concerns

[But See, A.R.S §§ 49-461, et. seq // §49-471, et. seq A.R.S §49-473, et. seq A.R.S § 3-3115

[3 A, 6] - Specifically, In Light of the Obvious Substantial Risk of Harm Posed by the Massive Spread of Any Air Pollutant Air Contaminates When Either Singularily, And/or In Combination with Such Pre - Existing Medical Conditions, Named Defendants Maricopa County Dept of Health Services, Board of Supervisors And/or C.H.S. Thomas Jegeler Having Actual Knowledge of Such Substantial Risk of Harm Either Individually or Collectively Deliberately Failed To:

(i) - Provide ~~appropriate~~ Clinically Appropriate Treatment For Hypertension And/or High Blood Pressure

(ii) - Adequately Screen Individuals With Pre Existing Conditions That may become Exacerbated by The Unreasonable Exposure to Air Pollutants Marked by C.D.V.I.D 19

[Bill Sec., A.R.S § 31-106 ' §§ 31-107 ]
A.R.S § 13-3967 (A)

(iii) - Failed to Implement Any Policy
Or Procedure And/or Ensure
Substantial Regulatory Compliance
Thus To Adequately Screen Individual
Pre-Trial Detainees For C.O.V.I.D 19,
Prior to Any Housing Assignment(s)
To Ensure The Future Health And Safety
of The Plaintiff And Others

(Bill Sec., A.R.S §§ 36-132 ' §36-133)
[3.A.7] - Specifically Named Defendant
J. Jegeler, Maricopa County Correctional
Health Services/C.H.S And/or Russel
Skinner Deliberately Failed to Implement
Any Policy to Ensure Regulatory Compliance
To Adequately Test Pre-Trial Detainees
for C.O.V.I.D 19 Virus And/or Quarantine
Individual Pre-Trial Detainees Otherwise
Infected with the C.O.V.I.D 19 Virus
[Bill Sec. A.R.S §§ 49-401, et Seq /§ 49-471, et Seq
A.R.S § 49-473 et Seq
A.R.S § 3-3115
[3.A.8] - Named Defendant S Maricopa
County Correctional Health Services
And/or Russel Skinner Board Supervisor
Bill Gates Had Actual Knowledge

And/or Reason to Believe Premised upon the Obviousness of Such Risk &/or to Pre-Trial Detainees in the Unreasonable Exposure to Such Air pollutants (C.O.V.I.D, Whatever) Named Defendants Never Above displayed a Reckless Disregard to Pretrial Detainees By:

(i) - Failing to Implement Any C.O.V.I.D 19 Pre-Screening Procedures.

(ii) - Provide Reasonable Opportunity for the administration of Any C.O.V.I.D Vaccination (But See, A.R.S. 41-5901)

A.R.S.§ 36-681/§ 36-685

[3A.97] - Additionally Despite Any Executive Orders, Substantive Policy Statements And/or Regulatory Guidelines transmitted by the World Health Organization (W.H.O) Dept of Health and Human Services and/or C.D.C. Relative to the C.O.V.I.D virus (A.R.S.§ 36-132)

[3A.98] - Named Defendants Maricopa Integular Board of Supervisors C.H.S, D.J.S, Bill Gates And/or Russel Skinner Either Individually or Collectively Deliberately Failed to take

-Reasonable Measures to Abate & Negate The Massive Spread of the L.O.V.I.D Virus [A.R.S § 31-126 / A.R.S § 31-107 ] [A.R.S §§ 49-901, et seal / § 49-471 et seq]

[3.A.11] -Consequently, Due to All named Defendants' Maricopa County Board of Supervisors, Dept of Health Services (D.H.S), Correctional Health Services (C.H.S), Bill Gates, and/or Russel Skinner's Individual or Collective Acts / omissions, in light of any Statutory Duties, Reflective of Deliberate Indifference to the Plaintiffs Serious Medical Needs

A.R.S § 3-315, et seq

[3.A.12] -The Plaintiff Subsequently Contracted the L.O.V.I.D Virus on (2) Seperate Occasions whereup Experienced Adverse Symptomology Reflective by

(i) -Shortness of Breath
(ii) Dizziness & Nausea
(iii) Heart Palpitations
(iv) -Chest Pains
(v) Mild Stroke
(vi) -Heart Attack

[3.A.13]- Nevertheless, Because Drawantine Cells At The L.B.J facility Have No Life Alert System And/or Operational Panic Button to Summon Health Care Professionals as A Result of Emergent Medical Conditions [But See 42 U.S.C. § 1395(dd)] The Plaintiff was Unable to Make His/Her Health Care Needs Known

[3.A.14]- Nevertheless Due Approximately To Untreated Hypertension, High Blood Pressure And/or C.OV.I.D. 19 Virus [See. Doc# 10; JD; App (K)] On August 8, 2023 The Plaintiff subsequently experienced A Heart Attack And In Response to Such Emergent Medical Condition The Plaintiff was taken by Ambulance To Graham Hospital And Subsequently Placed In A Life Flight to St. Marys Tucson Health Care Institution [42 U.S.C. § 1395(d)] Upon Several Abnormal E.K.G Pursuant To Cardiologist Diagnostic Examination [Doc# 10; JD; App (J); (K)] The Plaintiff was Subjected to A Surgical Procedure to Place (3)-(4) Stints In Plaintiff's Heart [Doc# 10 app (K)]

62

## COUNT IV

1. State the constitutional or other federal civil right that was violated: _Health Care Insurer Liability_
_A.R.S §§ 20-3) 51, et. Seq /_

2. Count IV. Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count IV. Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

[3.A.1]- Plaintiff Hereby Incorporates Herein by Reference Paragraphs 9.A.2 to 6.A.5. As Articulated Within Count (III)

[3.A.2]- Plaintiff Hereby Incorporates Herein by Reference Paragraphs 3.2.1 To 3.A.14 As Articulated Within Count IV

[3.A.3]- Plaintiff Furthermore Alledges that Due to Named Defendants D.H.S Jennie Cunico, BGJ&C.H.S Thomas Tegeret Action or Constrictive Policies/ And Procedures Resulted to Deprive the Plaintiff of Adequate Medical Care And/or Cause Any Unreasonable Delays in The Approval of Any Prior Authorizations to Specialty Consultation, Scientific Examinations)

[3.A.4]- Such Subjected ACHHS, Medicare And/or Medicade To Liability Pursuant to the Plaintiff Health Care Plan Medicare Advantage Plus Ability

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
[4.A.1] Plaintiff Hereby Incorporates Herein by Reference Paragraph [4.A.1] As Articulated in Both Count (3) And (4)

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. (Discoverable Information.) Fed. R. Civ. P Rule (33), (34)

4

# Mass Incarceration vs. Affordable Housing: The Truth in Sentencing

**E. REQUEST FOR RELIEF**

State the relief you are seeking: In Accordance to 28 USC 1746, Plaintiff Hereby Declare Under Penalty of Perjury, That the Facts Herein astipulated Here, and that this Document is True and Correct to the Best of our Abilities, Under Liberty & Justice For all of US Seeking Temporary Restraining Order(s), Declare Thy, By Preliminary Injunctions Injunctive Relief, within the Punitive Damages In the Amount Thereof 500,000 US Dollars And/or Compensatory Damages in the Approximate Amount of 10,000,000 US Dollars. Respectfully this 28 day of January 2025

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _January 28, 2025_
DATE

_Joseph_
SIGNATURE OF PLAINTIFF

N/A: Proper in Personal (Sean Thomas)
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

Varsity Multi-Media: Relatively-Self
(Attorney's address & telephone number)

15 U,S,C 9009, et seq

**ADDITIONAL PAGES**

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

Bell vs. Wolfish,
Nelling vs. McKinney
Gibson vs. County of Washoe
Trop vs. Dulles,